Archibald C. Wemple, J.
The plaintiff sued herein for $500.03 moneys alleged to be due her on certain checks given by the defendants on the purchase of real estate known as 739 Hampton Avenue, Schenectady, N. Y. Payment on the checks had been stopped.
After admitting the essential elements of the complaint, the defendants, in answer,' interposed a triple-barrelled defense and counterclaim alleging (1) breach of warranty; (2) fraud or misrepresentation by the plaintiff in the transaction; and (3) negligence of the plaintiff-seller in care of the property pending the closing of the sale; and asked for $750 damages covering the cost of replacement of an allegedly damaged furnace and boiler found in the house.
*155 The allegations on the three grounds were intermingled in such a way that it is difficult to determine on which ground the defendants proceeded in the trial of the action. However, the court, in reviewing the proceedings, has in mind that there should be a liberal construction of the pleadings in accordance with the rules of the Schenectady City Court.
The trial was held on March 30, 1955 before Hon. Chatfield T. Bates and a jury. The trial minutes show that at the start of the trial the defendants, through counsel, asked for the privilege of opening and closing, which was denied. In this the learned Trial Judge erred. Since this was a trial before the court and jury, it became important to have the opportunity to open and close. Since the defendants admitted the major allegations of the complaint, no issue was created by the complaint. Since the defendants affirmatively alleged a cause of action in their answer and counterclaim, which was put in issue by the reply filed by the plaintiff, then a situation arose in which the real issue emanated from the answer and counterclaim. Therefore, the burden of proof rested upon the defendants to go forward with the proof.
It is axiomatic that the burden of proof carries with it the right and the privilege of opening and closing to the jury during the trial. This right is an important one which presumably has distinct benefits and advantages in a jury trial. This right is regarded as a legal one and not one in the discretion of the court. Therefore, an erroneous ruling by the Trial Judge on this point constitutes reversible error, unless the court of review can clearly determine that no injustice could possibly have resulted from such an error.
Whether or not an injustice resulted brings us to the next question, which can best be answered by determining whether or not the learned Trial Judge erred in granting the plaintiff’s motion for nonsuit at the close of the testimony. From the minutes it appears that both sides had rested, and there was a long discussion between the attorneys and the court while the jury was absent. The plaintiff’s attorney made a motion for a nonsuit and to dismiss the defendants’ counterclaim and for judgment on several grounds: (1) that no case had been made covering misrepresentation or breach of warranty; (2) that the defendants failed to prove any negligence or violation of duty on the part of the plaintiff-seller. The court below granted the plaintiff’s motion for nonsuit and for a directed verdict in the amount claimed in the complaint of $500.03, plus interest, plus costs, which, in the aggregate, made up the judgment herein *156 in. the amount of $580.28. Thereupon the court discharged the jury.
While it appears from the record that the defendants herein may have failed to prove a case based upon fraud, it is, nevertheless, apparent that a prima facie case of negligence could be spelled out. If, as alleged, the plaintiff owed a duty to these defendants to do or not to do something, which was violated and which gave rights to claim damage from these defendants, then a cause of action in negligence was made, assuming, of course, that the defendants were free from contributory negligence. Applied to the case at bar, there was some evidence, although controverted, to the effect that the plaintiff, or her agents, shut off the heat before delivery of the deed in part of the premises which were the subject of the sale. This act, if done, was an affirmative act which might properly be construed as a negligent act. This act could very well have caused the damage to the boiler for which the defendants sued to recover.
In any event, this court, on review, finds that there was one or more questions of fact which should have been submitted to the jury, since this case was properly initiated as a jury trial. There were facts in issue over which reasonable men might differ and which should have been resolved by the jury.
The credibility of the witnesses was also a question which should have been decided by the jury.
(Some of the theory, even though not the exact wording, stated herein has been gleaned from Carmody-Wait Cyclopedia of New York Practice [Vol. 6, pp. 426-429, 696-700].)
Since the court denied the defendants the fundamental right to open and close, to which they were entitled, and since an injustice arose thereby, and since there were questions of fact which could and should have been determined by the jury, this court, on review, finds that there was a reversible error upon which the case should be remanded to the Schenectady City Court for a new trial, and the judgment of the trial court herein is likewise reversed.